AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

CASE NO:  09-20006-01

v

RICHARD WILDFONG, Jr.
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues that the presumption in favor of detention applies. I agree with this argument as Defendant faces more than 10 years' potential custody for violations of the Controlled Substances Act. Having made that finding, I must now consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically marijuana and cocaine. I find that from the grand jury having returned an Indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 27 years of age, is married and has a two-year-old daughter. Defendant has resided in Bay City, Michigan, throughout his life, although Defendant's exact address is a matter of dispute. Defendant reported to Pretrial Services that for the previous two months he has been employed at Dore Enterprises as a laborer. The Government represents that this time span begins shortly after the execution of a search of Defendant's residence. Defendant reported to Pretrial Services that he had previously worked for a plumbing business, and defense counsel states that Defendant had also worked for a metal fabricating business, and has applied for and received a job at Monitor Sugar.

Neither party contests the findings of the Pretrial Services report that Defendant's preliminary urinalysis was negative, and that Defendant has no prior criminal history. I do note that Defendant conceded to Pretrial Services that he had smoked marijuana in the past, but had not done so for the previous two months.

In support of its motion to detain, the Government makes a series of representations relating to the investigation of this case. I note that the investigation has yielded charges

against this Defendant alleging a conspiracy to possess and distribute more than 5 kilograms (11 pounds) of cocaine as well as a conspiracy to possess and distribute more than 100 kilograms (22 pounds) of marijuana.  The Indictment also charges this Defendant with 11 specific sales of marijuana and four sales of cocaine between March 2007 and June 2008.  The Government represents that Defendant has been investigated over the past 2 years, and that the final four months of the investigation involved a court-ordered wiretap.  The Government proffers that this wiretap intercepted over 500 drug transactions conducted by this Defendant involving multiple pounds of controlled substances.

The Government represents that in June 2008, during the execution of a search warrant, Defendant was interviewed at the Clara Street address and made, according to the Government, a series of admissions.  The Bail Reform Act explicitly states that a defendant enjoys the presumption of innocence at this stage, and that the representations proffered by the Government bear only on the question of bond.  Having this in mind, the Government represents that, during an interview, Defendant admitted that he conducted multiple-pound sales of marijuana.  He also stated that he could not remember when he last worked and apparently also admitted that his only income was from drug transactions.  The Government represents that drug transactions were corroborated by surveillance and controlled purchases which were directly made from Defendant by confidential informants.

With regard to Defendant's family and his address, the Government represents that wiretap information indicates the Defendant conducted approximately 135 drug transactions involving his brother, who is an alleged co-conspirator, and that a number of these transactions took place at addresses inconsistent with Defendant's statements to Pretrial Services.  Defendant reported to Pretrial Services that he had lived at an address on Clara Street all his life.  The Government represents that he lived at 1014 14th St in Bay City, Michigan.  According to the Government, a check with the utilities company revealed that the

account was listed in the name of Defendant's wife between 2004 and 2007. The Government also represents that some drug transactions took place in the presence of Defendant's family, and that a small number of transactions took place at the Clara Street address. In addition, the Government represents that surveillance and wiretap information indicate that controlled substances may have been stored at the Clara Street address.

While Defendant with out a doubt enjoys the presumption of innocence at this stage, from the government's representations there is clear indication of ongoing drug dealing. The Assistant United States Attorney is correct that at least seven circuits and a number of district courts all have held that continued drug dealing constitutes a danger to the community. *See United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996); *United States v. Arroyo-Reyes*, No. 94-1535, 1994 WL 440654, *3 (1st Cir. Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

In light of these circumstances, I must decline the invitation made by defense counsel concerning potential conditions of bond, which would include the Defendant returning to the

Clara Street address. I am aware from the evidence adduced at a previous hearing that Defendant's parents live there. As I pointed out in that hearing, in light of the obvious and serious disability suffered by Defendant's father, this location and the Defendant's family cannot provide the degree of control and supervision I would deem absolutely necessary under the Bail Reform Act. I find that in light of the severity of the charges made against Defendant, as well as the circumstances underlying those charges, the presumption in favor of detention has not been rebutted on the evidence presented. I further find that even if it had, there are no conditions nor any combination of conditions I could craft which would reasonably assure the safety of the community or Defendant's appearance as required.

Accordingly, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: January 29, 2009                     United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller, Craig Wininger and Russ Perry, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.


Date: January 29, 2009                              By_____s/Jean L. Broucek_____
                                                                          Case Manager to Magistrate Judge Binder